IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSEPH MAZE, No. 13378-040,**

    **Petitioner,**

vs.                                                                            Case No. 17–cv–893-DRH

**T.G. WERLICH,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

*Pro se* Petitioner Joseph Maze, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Relying on the case of *Mathis v. United States*, ––– U.S. –––, 136 S. Ct. 2243 (2016) and related case law, he challenges his enhanced sentence as a career offender based on two prior controlled substance offenses in Michigan.[1] This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

---

[1] In 2008, in the United States District Court for the Western District of Michigan, a jury convicted Petitioner of possessing with intent to deliver more than five grams of cocaine base. (W.D. Mich. Case No. 1:07-cr-170). The district court sentenced him as a career offender to 240 months of imprisonment. The district court applied the career-offender enhancement because Petitioner had two prior "controlled substance offenses," as defined by USSG § 4B1.2(b). The Sixth Circuit affirmed. *United States v. Maze*, 382 F. App'x 462 (6th Cir. 2010). In 2011, Petitioner filed a § 2255 motion, which the district court denied on the merits. (W.D. Mich. Case No. 1:11-cv-1007). Petitioner did not appeal. Thereafter, Petitioner sought permission to file a second or successive § 2255 motion in order to argue that, in light of *Johnson v. United States,* 135 S. Ct. 2551, 2563 (2015), he no longer qualified as a career offender. *See Maze v. U.S.,* No. 16-1639 (6th Cir. Oct. 5, 2016). The motion was denied. *Id.*

Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). Given the limited record and the still-developing application of *Mathis*, it is not plainly apparent that Petitioner is not entitled to habeas relief.

## Disposition

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead within thirty days of the date this Order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later

than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.09.27 14:37:35 -05'00'

**United States District Judge**