# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH MAZE, #13378-040, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 17-cv-0893-SMY |
| T. G. WERLICH, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Joseph Maze, an inmate in the Bureau of Prisons, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on August 23, 2017. (Doc. 1). Maze was sentenced to 240-months imprisonment in 2008 after a jury found him guilty of possessing with intent to deliver more than 5 grams of cocaine base (also known as "crack cocaine"). *United States v. Joseph Maze*, No. 07-cr-0170-RJJ, Doc. 154 (W.D. Mich. December 22, 2008). His Guidelines range was enhanced after he was found to be a career offender under U.S.S.G. § 4B1.1, based in part on two prior controlled substance convictions in violation of Michigan law.

Maze now invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016) to challenge his designation as a career offender based on the prior Michigan controlled substance convictions and contends he is entitled to be resentenced without that designation. Specifically, Maze argues that the prior convictions pursuant to MICH. COMP. LAWS. ANN. § 333.7401 (West 2003) do not qualify as "serious drug offenses" under the Guidelines because they criminalize the "sale" and "delivery" (as well as the attempted sale and delivery) of controlled substances, which is materially

different from offenses that criminalize "distributing" and "dispensing" controlled substances as defined by the Guidelines. (Doc. 1, pp. 4–8).

Respondent opposes issuance of the Writ on two grounds. First, Maze's sentence cannot be deemed a "miscarriage of justice" under § 2255(e)'s savings clause as it fell within the statutory maximum penalty for his crimes of conviction regardless of his career offender designation. (Doc. 12, pp. 4–6). Second, Maze's prior Michigan convictions meet the Sentencing Guidelines' definition of "controlled substance offense," because the terms "sale" and "delivery" as defined by the Michigan statute are substantially identical to the Guidelines' use of "distribute" – thus his claim fails on the merits. (*Id*. at pp. 6–9). Maze filed a Reply. (Doc. 14).

This matter is now ripe for resolution. For the reasons discussed below, Maze's § 2241 Petition (Doc. 1) will be **DENIED**.

## Procedural History and Relevant Facts

On November 1, 2007, a jury found Maze guilty of one Count of Possession with Intent to Deliver More Than 5 Grams of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). *United States v. Joseph Maze, et al.*, No. 07-cr-0170-RJJ, Doc. 29 (W.D. Mich. Nov. 1, 2007). At the time of his conviction and sentencing, Maze's statutory sentencing range included a maximum of forty years (480 months) imprisonment, without any enhancement for a prior drug offense.[1] Notably, even under the current statute, possession with intent to distribute or dispense less than 28 grams of cocaine base retains a statutory maximum penalty of twenty years (240 months) imprisonment, with no recidivist enhancement. 21 U.S.C. § 841(b)(1)(C) (2018).[2]

---

[1] 21 U.S.C. § 841(b)(1)(B)(iii) (2006). Under that version of the statute, a prior felony drug conviction raised the statutory sentencing range to 10 years to life.
[2] Section 841 was amended effective December 21, 2018, reducing the statutory sentencing range for a number of controlled substance offenses.

The Presentence Report ("PSR") applied the Guidelines' career offender designation to Maze pursuant to U.S.S.G. § 4B1.1(a) due to his two prior Michigan controlled substance convictions.[3] Maze was ultimately sentenced to 240 months imprisonment on December 22, 2008, a downwards departure from the Guidelines range of 360-months to life imprisonment. *Id*. at Doc. 54, p. 2; Doc. 56, p. 62.

Maze filed a direct appeal relating to the district court's evidentiary rulings and challenging the fundamental fairness of his trial. His conviction was affirmed in all respects by the Sixth Circuit Court of Appeals in June of 2010. *Id*. at Doc. 65. Maze then sought relief under 28 U.S.C. § 2255. His first motion, filed in September 2011, argued that his trial counsel was constitutionally ineffective. This motion was denied by the district court and no certificate of appealability was issued. *Maze v. United States*, No. 11-cv-1007-RJJ, Doc. 5 (W.D. Mich. May 21, 2012). Maze's two subsequent applications for leave to file successive § 2255 motions were both summarily denied by the Sixth Circuit, including his most recent application which, like the instant Petition, was premised on *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016). *See In re Joseph Maze*, No. 17-1111, Doc. 11 (6th Cir. June 28, 2017).

## **Applicable Legal Standards**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Aside from the direct appeal process, a § 2255 motion is ordinarily the "exclusive means

---

[3] The PSR is filed under seal at Doc. 71 in Maze's criminal case, *United States v. Maze*, No. 07-cr-0170-RJJ (W.D. Mich. Apr. 24, 2008). Because it is sealed, this Court was unable to access it, and neither party has provided a complete copy to the Court. However, Maze's sentencing memorandum references (and explicitly declined to object to) the career offender designation in the PSR, *id*. at Doc. 31, pp. 1–2, as did the sentencing court during Maze's sentencing hearing. *Id*. at Doc. 56, p. 4.

3

for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is generally limited to *one* challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion either 1) contains newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) invokes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" under which a federal prisoner can file a § 2241 petition when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

Following *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown*

*v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). In other words, something more than a lack of success with a § 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## Analysis

In light of *Mathis*, Maze argues he was improperly designated as a career offender under the Guidelines because his prior Michigan convictions criminalize more behavior than the Guidelines' definition of "controlled substance offense." (Doc. 1, pp. 4–8). Before reaching the merits of this argument, the Court must first consider whether Maze's claim can be brought within the narrow scope of § 2255's savings clause. The Court agrees with Respondent that Maze cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, and thus he cannot satisfy the requirements of § 2255(e)'s savings clause to bring his *Mathis* claim in a § 2241 petition.

Some errors can be raised on direct appeal but not in a collateral attack by a § 2255 motion or a § 2241 petition. A claim that a defendant's Guidelines sentencing range was erroneously calculated is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Sentencing Guidelines have been advisory since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Despite Maze's argument to the contrary, (Doc. 14, p. 3), the career offender Guidelines range that

applied to him was advisory, not mandatory, because he was sentenced in 2008, **after** the *Booker* decision. *United States v. Maze*, No. 07-cr-0170-RJJ, Doc. 54 (W.D. Mich. Dec. 22, 2008).[4] The applicable statutory sentencing range for Maze's conviction at the time of his sentencing was 5–40 years (60–480 months) imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(B)(iii) (2006). While 21 U.S.C. § 841 has been amended since Maze's 2008 sentencing, a conviction for possession with intent to distribute more than five grams of cocaine base still carries a statutory maximum penalty of twenty years (240 months) imprisonment. *See* 21 U.S.C. § 841(b)(1)(C) (2018). Thus, Maze's 240-month sentence fell within the statutory maximum sentence for his conviction, both under the version of the statute in force at his 2008 sentencing and the statute as it exists today.

Maze argues that he could not have brought his claim within a year of his final conviction in 2008 because the argument he raises was foreclosed to him until after *Mathis* was decided in 2016. Even assuming, *arguendo*, that the first and second *Davenport* criteria have been met,[5] *Hawkins* dictates that an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit. Therefore, Maze's Petition does not meet the criteria to bring his claim within § 2255(e)'s savings clause.

In short, there is no meaningful way to distinguish *Hawkins* from this case. The issue in

---

[4] Maze's argument that the sentencing court sentenced him to a "mandatory" guideline sentence is further belied by the fact that he, in fact, received a <u>downwards variance</u> from the Guidelines sentencing range, which was 360-months to life imprisonment. *See United States v. Maze*, No. 07-cr-0170-RJJ, Doc. 56 (Jan. 1, 2009) (sentencing Maze to 240-months imprisonment because "[the court is] not prepared to say that this is an appropriate case for 30 years or 360 months [imprisonment per the career offender designation]"). If this range was mandatory rather than advisory, as Maze argues, the sentencing court would not have had the authority to depart downwards to the 240-month sentence it ultimately imposed.

[5] Because *Hawkins* dictates that Maze cannot possibly satisfy *Davenport*'s "miscarriage of justice" factor, which is dispositive of his Petition, the Court need not decide whether Maze has satisfied the other two *Davenport* factors.

*Hawkins* was the same as the issue raised here by Maze: the use of prior convictions that would allegedly no longer qualify as predicates for the career offender guideline enhancement under current law. The Seventh Circuit summarized its holding in its supplemental opinion on denial of rehearing in *Hawkins*: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). Thus, *Hawkins* remains binding precedent in this Circuit and Maze's Petition must be dismissed.

## Conclusion

For the above reasons, Maze's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the

judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: July 12, 2019**

                                             **s/ Staci M. Yandle**
                                             **STACI M. YANDLE**
                                             **United States District Judge**